UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

ROBERT MARTIN,                                    )
                                                  )
                    Plaintiff,                    )
                                                  )
            v.                                    )        No. 2:20-cv-00391-JPH-MJD
                                                  )
B. VAUGHN Sergeant; in his  individual            )
capacity as Sergeant, [1]                          )
                                                  )
                                                  )
                    Defendant.                    )

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Robert Martin, an Indiana prisoner, filed this civil rights action

while he was incarcerated at Wabash Valley Correctional Facility. Dkt. 6 at 1.

Mr. Martin brings a federal claim alleging excessive force in violation of the

Eighth Amendment and a state claim for intentional infliction of emotional

distress. *Id.* at 3, 6. Sergeant Vaughn has filed a motion for summary judgment.

For the reasons that follow, that motion, dkt. [40], is **GRANTED.**

## I.  Standard of Review

Parties in a civil dispute may move for summary judgment, which is a way

of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment

is appropriate when there is no genuine dispute as to any of the material facts,

---

[1] The excessive force and intentional infliction of emotional distress claims proceed
against Sergeant Vaughn in his individual capacity. Dkt. 6 at 5 (Screening Order
dismissing official capacity claims against all defendants). Consistent with the Screening
Order, the clerk is **directed** to remove the official capacity language from the caption on
the docket.

and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Cmty. Sch.*, 990 F.3d 1013, 1017 (7th Cir. 2021); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (noting that a court must grant a motion for summary judgment if it appears that no reasonable trier of fact could find in favor of the nonmovant on the basis of the designated admissible evidence). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248. "Material facts" are those that might affect the outcome of the suit. *Id.*

"At summary judgment a party 'must go beyond the pleadings and support its contentions with proper documentary evidence.'" *Nelson v. Stevens*, 861 F. App'x 667, 670 (7th Cir. 2021) (quoting *Beardsall v. CVS Pharm., Inc.*, 953 F.3d 969, 972 (7th Cir. 2020) and (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 322-23). Additionally, "[a] party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment." *See* S.D. Ind. L.R. 56-1.

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572-73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez,* 761 F.3d 822, 827 (7th Cir. 2014). The Court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

Further, "where a reliable videotape clearly captures an event in dispute and blatantly contradicts one party's version of the event so that no reasonable jury could credit that party's story, a court should not adopt that party's version of the facts for the purpose of ruling on a motion for summary judgment." *McCottrell v. White*, 933 F.3d 651, 661 (7th Cir. 2019) (citing *Scott v. Harris*, 550 U.S. 372, 380-81 (2007)). In this case, the Court had the benefit of reviewing *in camera* a video recording of the incident that forms the basis for Mr. Martin's claims. *See* dkt. 61. The video evidence has been credited when it directly conflicts with Mr. Martin's testimony.

## II. Factual Background

The following statement of facts has been evaluated pursuant to the standard set forth above. The facts are considered undisputed except to the extent that disputes of fact are noted.[2]

### A. Mr. Martin

Robert Martin was incarcerated at Wabash Valley Correctional Facility during all relevant events. Dkt. 40-1 ¶ 3. Mr. Martin is a Type One diabetic. Dkt. 40-3 at 14. He wears an insulin pump and receives insulin shots. Dkt. 40-1 ¶ 8; dkt. 40-3 at 15. Other than the incident that is the basis for his claims in this case, Mr. Martin "ha[s] not experienced any diabetic episodes – minor or major – while . . . at Wabash Valley." Dkt. 40-3 at 16-17.

On August 14, 2019, Mr. Martin had a diabetic medical emergency. Dkt. 40-1 ¶ 5; dkt. 40-3 at 17.  Mr. Martin was "incapacitated," "was not himself," "did not know what was going on and does not remember anything," and was "in a complete stupor" until Sergeant Vaughn sprayed him with Oleoresin Capsicum ("OC spray"), commonly known and referred to as pepper spray. Dkt. 52 at 3-5, 7-9; dkt. 40-3 at 17-18, 22-23.

Before August 14, 2019, Mr. Martin had not experienced any negative incidents with Sergeant Vaughn. Dkt. 52 at 3; dkt. 40-3 at 19.

### B. Sergeant Vaughn

---

[2] Mr. Martin cites David Cruz's Witness Statement and a medical report as evidence supporting his position. Dkt. 52. However, Mr. Martin did not attach this documentation to his response in opposition, or his complaint, and this documentation is not otherwise in the record. *Id.*; dkt. 1. Therefore, the Court cannot consider this evidence. *See Grant*, 870 F.3d at 573-74 (the Court is only required to consider the materials cited by the parties, it is not required to "scour every inch of the record" for evidence that is potentially relevant); *see also* Fed. R. Civ. P. 56(c)(3).

Sergeant Vaughn is employed by the IDOC at Wabash Valley. Dkt. 40-1 ¶¶ 1-2. In March 2019, Sergeant Vaughn was trained on the use of OC spray. *Id.* ¶ 20. Sergeant Vaughn believed that he had positive rapport with Mr. Martin. *Id.* ¶¶ 7-8; dkt. 40-3 at 19. He knew that Mr. Martin was a diabetic and wore an insulin pump but had never witnessed Mr. Martin having a diabetic episode. *Id.* On August 14, 2019, prison staff informed Sergeant Vaughn that Mr. Martin "was behaving strangely" and that he may need medical attention. Dkt. 40-1 ¶ 5. Though he was not assigned to Mr. Martin's unit, Sergeant Vaughn responded to the situation. *Id.*

### C. The Incident

On August 14, 2019, Sergeant Vaughn arrived at Mr. Martin's cell and observed him "speaking gibberish and not making sense." *Id.* ¶ 9. After medical staff arrived and informed Sergeant Vaughn that Mr. Martin's diabetic condition needed immediate medical attention, Sergeant Vaughn attempted to transport Mr. Martin for medical treatment without using restraints, but Mr. Martin "charged at the door," so Sergeant Vaughn closed the cell door. *Id.* ¶¶ 10-11. Subsequently, Mr. Martin began punching himself in the face and head butting the cell door. *Id.* ¶ 14.

Sergeant Vaughn believed that Mr. Martin "posed a danger to himself and others and should be in mechanical wrist restraints" to be transported for medical treatment. *Id.* ¶¶ 11-12, 14. For several minutes, Sergeant Vaughn attempted to console Mr. Martin and repeatedly ordered Mr. Martin to submit to restraints. *Id.* ¶¶ 12-13, 15. When Mr. Martin refused all orders to comply,

Sergeant Vaughn sprayed Mr. Martin with OC spray. *Id.* ¶¶ 15-16. Mr. Martin then submitted to the restraints and received medical treatment and a decontamination shower. *Id.* ¶¶ 17-18. Subsequently, Sergeant Vaughn prepared an Incident Report documenting this encounter. *Id.* ¶ 21 (citing dkt. 40-2).

Mr. Martin did not submit a Notice of Tort Claim regarding this incident. Dkt. 40-3 at 28.

### D. Disputed Facts

Mr. Martin contends that there are genuine issues of material fact including: 1) whether Mr. Martin charged at the door, punched himself, or head butted the cell door; 2) how much OC spray Sergeant Vaughn used on him; 3) whether Sergeant Vaughn attempted to console him and should have used additional non-forceful means to console him before spraying him; and 4) whether the filing of this lawsuit satisfied the Indiana Tort Claims Act's ("ITCA") notice requirements.[3] Dkt. 52 at 4-5, 8-10. The Court will address these disputed facts in its discussion.

---

[3] Mr. Martin disputes additional facts that are not relevant to his claims of excessive force and intentional infliction of emotional distress. Specifically, he argues that medical staff should have responded to his request for medical assistance in a more expedient manner; that Sergeant Vaughn does not have medical training; and that Sergeant Vaughn's account in the incident report and his reasons for drafting the report are invalid. Dkt. 52 at 2-9. Construed liberally, these facts relate to the failure to provide medical assistance, issuance of a false conduct report, and retaliation. However, these new theories of liability were not previously identified, and in this situation the Court declines to allow Mr. Martin to amend his pleadings in his response to a motion for summary judgment. Dkt. 6 at 6 (stating that excessive force and intentional infliction of emotional distress are Mr. Martin's sole claims that shall proceed); *Id.* at 7 (giving Mr. Martin time to identify any additional claims that were alleged in the complaint but not

### III.    Discussion

Sergeant Vaughn argues that he is entitled to summary judgment on Mr. Martin's excessive force claim because the force was "necessary and used in a good faith effort to securely remove Mr. Martin from his cell" to provide emergency medical treatment. Dkt. 41 at 2, 9-11. Alternatively, Sergeant Vaughn asserts that he is entitled to qualified immunity on Mr. Martin's excessive force claims. *Id.* at 11-14. Sergeant Vaughn also contends that summary judgment is appropriate on Mr. Martin's state law claim because Mr. Martin did not submit notice of his tort claim prior to filing this lawsuit and because Sergeant Vaughn is immune under ITCA.[4] *Id.*

Mr. Martin contends that there are genuine issues of material fact as to whether Sergeant Vaughn violated his Eighth Amendment rights, namely that: 1) Mr. Martin did not charge the door, punch himself, or head butt the cell door; 2) Sergeant Vaughn sprayed an entire can of OC spray on him; 3) Sergeant Vaughn did not attempt to console him and should have explored alternative means to console Mr. Martin before spraying him; and 4) he sustained chemical burns and endured lingering pain for a week. Dkt. 52 at 4-5, 10. Mr. Martin also argues that Sergeant Vaughn had notice of his tort claim when he filed this lawsuit. *Id.* at 10.

---

identified in the screening Order); *see also Colbert v. City of Chi.*, 851 F.3d 649, 656 (7th Cir. 2017).

[4] Consistent with the Screening Order, these claims proceed against Sergeant Vaughn in his individual capacity. Dkt. 6 at 5.

In reply, Sergeant Vaughn asserts that he is entitled to summary judgment on Mr. Martin's excessive force claims because Mr. Martin has not designated evidence that creates a genuine issue of material fact.[5] Dkt. 53 at 4. Regarding the state law claim, Sergeant Vaughn argues that the act of filing a lawsuit does not fulfill ITCA's notice requirements. *Id.* at 6-7.

## A. Eighth Amendment

The "unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (citation and quotation marks omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm" *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (citation and quotation marks omitted); *see Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam). To evaluate this question, the court weighs "several factors, such as 'the need for the application of the force, the amount of force applied, the threat an officer

---

[5] The Court reviewed Mr. Martin's complaint and response in opposition and finds that these filings are verified because they are signed under penalty of perjury. *Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) (stating that "a verified complaint is not just a pleading; it is also the equivalent of an affidavit for purposes of summary judgment, because it contains factual allegations that if included in an affidavit or deposition would be considered evidence, and not merely assertion."); *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (concluding that a "verified response constitutes competent evidence to rebut the defendants' motion for summary judgment"). Thus, these filings operate as affidavits for purposes of summary judgment to the extent they include statements made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). As explained in this Order, however, Mr. Martin's testimony does not create a material dispute of fact sufficient to overcome the motion for summary judgment.

reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury that force caused to an inmate.'" *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 619 (7th Cir. 2022) (quoting *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004)). "A *de minimus* application of force is insufficient to support an Eighth Amendment excessive force claim; instead, the force must be repugnant to the conscience of mankind." *Stockton*, 44 F.4th at 619 (internal quotation and citation omitted). Additionally, to survive summary judgment, Mr. Martin "must present evidence supporting 'a reliable inference of wantonness in the infliction of pain.'" *Id.* (citing *Whitley*, 475 U.S. at 322).

### 1. The need for the use of force

The undisputed summary judgment record reflects that Segreant Vaughn reasonably believed that force was necessary because Mr. Martin's conduct endangered Mr. Martin, staff members, and other prisoners. Dkt. 41 at 9-10 (citing 40-1 ¶ 12). Specifically, medical staff told him that Mr. Martin needed emergency medical care for his diabetes; he observed Mr. Martin speaking gibberish, hitting himself in face, head butting the cell door, and charging at the door; and that Mr. Martin refused to comply with his verbal orders. Dkt. 41 at 9-10 (citing dkt. 40-1 ¶¶ 11, 13-15). In response, Mr. Martin contends that his lack of bruises and injuries contradict Sergeant Vaughn's assertion that he hit himself or head butted the cell door. Dkt. 52 at 7. He further argues that the video undermines Sergeant Vaughn's testimony that he charged out the cell door because the video does not show him in the dayroom. *Id.* at 4.

9

The Court first evaluates the need for the application of force, considering "the threat to the safety of the officers and the threat to the maintenance of good order and discipline in the institution." *Santiago v. Walls*, 599 F.3d, 749, 757 (7th Cir. 2010). Mr. Martin has not designated evidence from which a jury could find that Sergeant Vaughn acted in bad faith. *Anderson*, 477 U.S. at 248 (noting that summary judgment is appropriate only when no reasonable jury could find for the non-moving party). Mr. Martin's testimony that he did not sustain any bruises or injuries does not contradict Sergeant Vaughn's claim that he saw Mr. Martin hitting himself and head butting the cell door. Next, the video does not undermine Sergeant Vaughn's account of what happened. Sergeant Vaughn's affidavit states that Mr. Martin "charged at the door," not that Mr. Martin ran outside of his cell. Dkt. 40-1 at ¶ 11 (Sergeant Vaughn stating that "I attempted to transport Mr. Martin without the use of mechanical restraints and opened his cell door, *but he charged at the door* and the door was closed again.") (emphasis added). The Court also reviewed the video *in camera* and finds that the video corroborates Sergeant Vaughn's testimony. Specifically, the video shows medical staff stepping back abruptly and Sergeant Vaughn moving to secure Mr. Martin's cell door as if he needed to prevent Mr. Martin from fleeing. Dkt. 61.

Moreover, Mr. Martin's assertion that force was not necessary to restore order is speculation because he does not recall any details of the incident until *after* Sergeant Vaughn sprayed him. Dkt. 52 at 3-5, 7-9; dkt. 40-3 at 17-18, 21-23 (Mr. Martin stating in his deposition that he does not know whether he hit himself or head butted the cell door). This is insufficient to defeat summary

judgment. *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008) ("It is well-settled that speculation may not be used to manufacture a genuine issue of fact.") (citations omitted); *see also Borcky v. Maytag Corp.*, 248 F.3d 691, 695 (7th Cir. 2001) ("The mere existence of some alleged factual dispute will not defeat an otherwise properly supported motion for summary judgment . . . . Speculation will not suffice.").

Accordingly, the undisputed facts demonstrate that the use of force was warranted because Mr. Martin was combative and refused to comply with Sergeant Vaughn's orders. Dkt. 40-1 ¶¶ 11, 13-15.

### 2. Efforts to temper the severity of the force

Sergeant Vaughn testified that he attempted to get Mr. Martin medical treatment without using restraints, but those efforts failed because Mr. Martin charged the door. Dkt. 41 at 9 (citing dkt. 40-1 ¶ 11). Sergeant Vaughn further testified that he tried to console Mr. Martin and to convince him to submit to restraints for several minutes before spraying him. Dkt. 41 at 9 (citing dkt. 40-1 ¶ 12). Mr. Martin asserts that Sergeant Vaughn did not attempt to console him but instead ordered him to submit to restraints. Dkt. 52 at 8. Mr. Martin further states that Sergeant Vaughn should have tried harder to console him because he knew about his diabetic condition and that Mr. Martin was not lucid. *Id.* at 8-9.

Mr. Martin's assertions do not create a genuine issue of material fact. First, Mr. Martin does not know what happened before Sergeant Vaughn sprayed him. *Id.* at 3-5, 7-9; dkt. 40-3 at 17-18, 21-23. Second, Sergeant Vaughn's testimony

that he ordered Mr. Martin to submit to restraints does not negate or contradict his statement that he attempted to console Mr. Martin. The designated evidence therefore shows that Sergeant Vaughn gave Mr. Martin verbal orders after his efforts to console him failed. Dkt. 40-1 ¶ 13. Third, the video is consistent with Sergeant Vaughn's testimony—it shows him standing outside of Mr. Martin's cell and attempting to talk to him for several minutes before he sprayed him. Dkt. 61. Fourth, medical staff told Sergeant Vaughn that Mr. Martin needed emergency medical care for his diabetic condition, so Sergeant Vaughn was justified in believing that expediency was necessary when Mr. Martin refused to comply with his verbal instructions. Dkt. 40-1 ¶ 10. Fifth, Mr. Martin conceded that he does not know whether the "outcome would have been different" had Sergeant Vaughn offered him a drink or snack in lieu of spraying him with OC. Dkt. 40-3 at 23  Accordingly, the designated evidence shows that Sergeant Vaughn made appropriate efforts to temper the severity of force used.

### 3. Amount of force used

Sergeant Vaughn testified that he used the least amount of force necessary to gain Mr. Martin's compliance by spraying Mr. Martin with a one second burst of OC spray. Dkt. 41 at 10 (citing dkt. 40-1 ¶ 16); dkt. 53 at 4. Mr. Martin asserts that Sergeant Vaughn emptied an entire can of OC spray on him, that he was covered from head to toe, that his bedding was soaked and had to be thrown away, and that his wall was "stained solid orange." Dkt. 52 at 5, 10.

The Eighth Amendment permits "the use of chemical agents, including mace and tear gas, 'when reasonably necessary to prevent riots or escape or to

12

subdue recalcitrant prisoners' . . . or to compel compliance with orders." *Lewis v. Downey*, 581 F.3d 467, 479 (7th Cir. 2009). Generally, the officer must give "adequate warning" before using a chemical agent and the use must not be "exaggerated or excessive." *Id.*

Here, there is no material dispute of fact because the video contradicts Mr. Martin's statement that Sergeant Vaughn sprayed an entire can of OC Spray on him. Dkt. 61. Specifically, the video depicts: 1) that another officer handed the OC Spray to Sergeant Vaughn who shook the can away from the opening of Mr. Martin's cell; 2) that Sergeant Vaughn bent down at the opening of Mr. Martin cell and briefly administered approximately a one-second shot of OC Spray in Mr. Martin's cell; and 3) that the other officer immediately shut Mr. Martin's cell door and Sergeant Vaughn walked away from the cell door. *Id.* Shortly, thereafter Mr. Martin submitted to restraints and the officers escorted him from the cell for medical treatment and a decontamination shower. *Id.*; *see also* dkt. 41 at 5-6; dkt. 52 at 9.

The evidence supported by the uncontradicted video evidence is that Sergeant Vaughn's deployed a one-second burst of OC spray. This use of force was proportional to Mr. Martin's need for emergency medical care, combative conduct, and repeated refusal to obey Sergeant Vaughn's verbal orders. *McCottrell*, 933 F.3d at 661 ("[W]here a reliable videotape clearly captures an event in dispute and blatantly contradicts one party's version of the event so that no reasonable jury could credit that party's story, a court should not adopt that party's version of the facts for the purpose of ruling on a motion for summary

judgment."); *see also Burton v. Ruzicki*, 258 F. App'x 882, 885 (7th Cir. 2007) (holding that the officers were justified in pepper spraying a prisoner even when the prisoner did not "hit or resist" but the prisoner repeatedly refused to obey orders); *Soto v. Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984) (reasoning that if an inmate "cannot be persuaded to obey [an] order, some means must be used to compel compliance" because discipline in a correctional institution is "essential if the prison is to function"). Accordingly, no reasonable jury could conclude that a one-second burst of OC spray under these circumstances is "repugnant to the conscience of mankind." *Stockton*, 44 F.4th at 619 (internal quotation and citation omitted).

### 4.  Extent of the injury

Mr. Martin testified that the OC spray burned him and caused him to experience lingering pain for a week.  Dkt. 52 at 5, 10; dkt. 40-3 at 28-29. Sergeant Vaughn disputes Mr. Martin's claim that he was injured and argues that any pain Mr. Martin suffered is not actionable because it was the result of the application of a reasonable amount of force.  *See* dkt. 41 at 6; 10-11; dkt. 53 at 4.  Viewing the evidence most favorably to Mr. Martin, the Court does not doubt that Mr. Martin experienced pain and discomfort.  But the fact of such injury and corresponding pain from a single burst of OC spray does not establish that Sergeant Vaughn used excessive force. *Stone v. Couch*, No. 1:19-cv-01193-TWP-DML, 2021 U.S. Dist. LEXIS 177289, at *14-15 (S.D. Ind. Sept. 17, 2021) (noting that courts routinely denied excessive force claims where the prisoner claims that the force was excessive because he experienced a lingering "painful

burning sensation," and "shortness of breath, difficulty in breathing, nausea, and tightness in the chest" due to pepper spray or OC spray because these injuries are minor medical conditions). Mr. Martin has not designated evidence supporting "a reliable inference of wantonness in the infliction of pain." *Whitley*, 475 U.S. at 322.

Considering all the factors discussed above, no reasonable jury could conclude that Sergeant Vaughn deployed the single, one-second burst of OC spray to inflict unnecessary and wanton pain and suffering. *See Hudson*, 503 U.S. at 6; *Stockton*, 44 F.4th at 619 (setting forth five factors: the need for the application of the force, the amount of force applied, the threat an officer reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury that force caused to an inmate). Instead, the designated evidence shows that the OC spray was applied in a good faith effort to gain Mr. Martin's compliance and to allow the provision of necessary emergency medical services.

In the absence of any evidence that Sergeant Vaughn used "excessive force" that is "repugnant to the conscience of mankind," *Stockton*, 44 F.4th at 619, summary judgment in favor of the defendant is appropriate on Mr. Martin's Eighth Amendment claim. *Reed v. Brex, Inc.*, 8 F.4th 569, 578 (7th Cir. 2021) (citing *Beardsall*, 953 F.3d at 973) ("Summary judgment is the proverbial put up

or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events.").[6]

### B. Intentional Infliction of Emotional Distress

Sergeant Vaughn is entitled to summary judgment on Mr. Martin's state law claim of intentional infliction of emotional distress because Mr. Martin did not submit notice of his tort claim as required by the ITCA. Dkt. 41 at 14-15. Mr. Martin asserts that he provided sufficient notice when he filed this civil rights action and paid the filing fee. Dkt. 52 at 10. Sergeant Vaughn counters that the mere filing of a lawsuit is insufficient to provide notice, and that Mr. Martin conceded in his deposition that he did not file a notice of his tort claim. Dkt. 53 at 6-7 (citing dkt. 40-3 at 28).

The ITCA provides "that a tort claim against a government entity is barred unless the claimant provides the entity with timely notice of the claim." *Murphy v. Ind. State Univ.*, 153 N.E.3d 311, 317 (Ind. Ct. App. 2020) (citing Ind. Code § 34-13-3-10). The notice requirement also applies an individual government employee acting in the scope of his employment. *Lewis v. Kunz*, No. 1:16-cv-2759-TWP-DLP, 2018 U.S. Dist. LEXIS 116365, at *16-21 (S.D. Ind. July 10, 2018) (holding that defendants were entitled to summary judgment on a negligence claim because ITCA's notice requirement applies to government employees sued in their individual capacities when the underlying conduct that perpetuated the suit occurred within the scope of their employment).

---

[6] Because Sergeant Vaughn received summary judgment in his favor on Mr. Martin's Eighth Amendment claim, the Court need not address whether he is entitled to the defense of qualified immunity. *See* dkt. 41 at 11-14.

The notice "must describe in a short and plain statement the facts on which the claim is based," including "the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, the amount of the damages sought, and the residence of the person making the claim at the time of the loss and at the time of filing the notice," Ind. Code § 34-13-3-10, and must be in writing and delivered in person or by registered or certified mail, *Id.* § 34-13-3-12. "The notice provision [of the ITCA] is . . . a procedural precedent which must be fulfilled before filing suit." *Weaver v. Elkhart Cmty. Sch. Corp.*, 95 N.E.3d 97, 101 (Ind. Ct. App. 2018).

"Substantial compliance with the [ITCA's] notice requirements is sufficient when the purpose of the notice requirement is satisfied." *Schoettmer v. Wright*, 992 N.E.2d 702, 707 (Ind. 2013). "The purpose of the Tort Claims Act's notice requirements is to provide the political subdivision the opportunity to investigate the facts surrounding an accident so that it may determine its liability and prepare a defense." *Murphy*, 153 N.E.3d at 318 (cleaned up). In general, a notice that: (1) is filed within the 180-day period, (2) informs the governmental entity of the claimant's intent to make a claim, and (3) contains sufficient information which reasonably affords the governmental entity an opportunity to promptly investigate the claim, satisfies the purpose of the statute and will be held to substantially comply with the Tort Claims Act. *Id.*

Here, Mr. Martin does not dispute that he did not submit notice of his tort claim prior to the filing of this lawsuit. Dkt. 40-3 at 28. Rather, he argues that

17

his lawsuit is sufficient notice to Sergeant Vaughn. Dkt. 52 at 10. But "[t]he purpose of filing a notice of tort claim is to provide the governmental entity with an opportunity to investigate official misconduct *before the plaintiff files a lawsuit.*" *Goff v. Bourbeau*, No. 2:20-cv-00019-JPH-MJD, 2022 U.S. Dist. LEXIS 179750, at \*15 (S.D. Ind. Sept. 30, 2022) (emphasis added). Thus, the fact that Mr. Martin "provid[ed] notice after the lawsuit is already underway . . . does not satisfy this purpose." *Id.* at \*15-16 (citing *Weaver*, 95 N.E.3d at 101) (holding that serving a tort claim notice on a government entity is a "procedural precedent which must be fulfilled before filing suit."). Additionally, Mr. Martin does not dispute that Sergeant Vaughn was acting in the scope of his employment. Dkt. 52. As noted above, Sergeant Vaughn's actions were necessary to obtain emergency medical care for Mr. Martin and to maintain the safety and security in the prison. Such actions fall within the scope of a prison officer. *See Lewis*, No. 1:16-cv-2759, 2018 U.S. LEXIS 116365, at \*20 ("Police officers remain in the course and scope of employment even if they commit tortious or criminal conduct, so long as the purpose was to further their employer's business.") (citations omitted). Therefore, the failure to file a notice of tort claim bars Mr. Martin's intentional infliction of emotional distress claim.

### IV.  Conclusion

For the reasons explained above, Sergeant Vaughn's motion for summary judgment, dkt. [40], is **GRANTED.** The undisputed summary judgment record reflects that Mr. Martin's Eighth Amendment rights were not violated, and he is

procedurally barred from asserting his tort claim. Judgment consistent with this

Order, and the Court's screening Order (docket 6), shall now issue.

**SO ORDERED.**

Date: 8/24/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ROBERT MARTIN
202545
BRANCHVILLE – CF
BRANCHVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Elijah B. Mollet
Lewis And Wilkins LLP
emollet@lewisandwilkins.com

Eric Ryan Shouse
Lewis And Wilkins LLP
shouse@lewisandwilkins.com